No. 15,778.

THE STATE *v.* PLACE ET AL.

CRIMINAL LAW.—*Affidavit for Continuance.*—*Sufficiency of.*—An affidavit of the prosecuting attorney for a continuance on the ground that because of a change by the court of the time appointed for trial he was not able to secure the attendance of a certain witness named in the affidavit, which does not show that he did not have information of the change of the time appointed in season to secure the testimony of said witness, is insufficient.

From the Wells Circuit Court.

*W. A. Branyan,* Prosecuting Attorney, for the State.
*A. N. Martin* and *E. C. Vaughn,* for appellees.

ELLIOTT, J.—The State prosecutes this appeal and alleges that the trial court erred in denying the application of the prosecuting attorney for a continuance. We shall not examine the objections of the appellees to the mode in which the prosecuting attorney assumes to present the question, for the law is so plainly against the State upon the principal question that there is no difficulty in disposing of it.

It appears from the affidavit of the prosecuting attorney that on Wednesday, the 11th of December, 1890, the case was set down for trial on the 18th day of that month, and that the court subsequently changed the time for trial to Monday, December 16th, but the affidavit does not show when the State was informed of the change of the time appointed for the trial. For anything that appears, the prosecuting attorney may have had ample time to secure the attendance of the witness named in his affidavit. The trial court had, of course, a right to change the time appointed for trial, and was under no duty to consult the prosecuting attorney respecting the change, although it was bound to allow the State a reasonable opportunity to obtain its witnesses. It was incumbent upon the prosecuting attorney to show that he did not have information of the change of

the time first appointed for the trial in season to secure the testimony of the witness.

There are other defects in the affidavit, but we deem it unnecessary to notice them.

. Judgment affirmed.

Filed Feb. 5, 1891.